UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

SAMUEL N.,[1]

                                                 Plaintiff,        Case # 21-cv-6414-FPG

v.                                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                Defendant.
───────────────────────────────────────

**INTRODUCTION**

On April 26, 2019, Plaintiff Samuel N. protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 12. The Social Security Administration ("the SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Michael W. Devlin on April 9, 2020. *Id.* Following the hearing, on June 3, 2020, the ALJ issued an unfavorable decision. Tr. 9. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

**LEGAL STANDARD**

**I.     District Court Review**

When reviewing a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.    Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 416.920.

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 26, 2019, the application date. Tr. 14. At step two, the ALJ found that Plaintiff had the following severe impairments: complex regional pain syndrome of the left lower extremity; status-post left tibia-fibula fracture; status-post vertebral compression fractures; asthma; major depressive disorder; anxiety disorder; unspecified trauma stress-related disorder; and post-traumatic stress disorder ("PTSD"). *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. *Id.* at 15. The ALJ then determined that Plaintiff maintained the RFC to perform sedentary work, except that he could occasionally lift or carry ten pounds; frequently lift or carry less than ten pounds; stand or walk up to two hours in an eight-hour day; sit about six hours in an eight-hour day; occasionally push or pull 10 pounds; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; and never climb ladders, ropes or scaffolds. *Id.* at 16. He should also avoid concentrated exposure to fumes, odors, dusts, gases poor ventilation and other respiratory irritants and could understand, remember and carry out simple instructions and tasks; frequently interact with co-workers and supervisors; have occasional contact with the general public; and consistently maintain concentration and focus for up to two hours at a time. *Id.* at 16-17.

In formulating the RFC, the ALJ considered the medical opinions of consultative examiners Susan Dantoni, M.D. and Todd Deneen, Psy.D. and state agency consultants A. Periakaruppan, M.D., S. Ahmed, M.D., M. D'Ortona, Psy.D., and K. Lieber-Diaz. Psy.D. Tr. 21,

55, 60, 68, 73.  Of these opinions, the ALJ found two persuasive, explaining that Dr. Dantoni's opinion was "persuasive, as it was based on examination, program knowledge and [was] consistent with the medical evidence of record" and Dr. Deneen's opinion was "generally persuasive, as it was based on examination, program knowledge and [was] consistent with the evidence of record." Tr. 21

Dr. Dantoni examined Plaintiff on June 19, 2019 at the request of the SSA, and diagnosed him with severe left leg pain; severe lower back pain; history of PTSD, depression, anxiety, and trauma; and history of high blood pressure and asthma.  Tr. 18.  She opined that he had moderate to marked limitations for standing, walking, climbing stairs, bending lifting, carrying, kneeling and reaching.  *Id.*  He had no limitations for sitting, handling objects, hearing, seeing or speaking.  *Id*.  She also noted that, because of his asthma, he should avoid environments with pulmonary irritants.  *Id.*

Dr. Deneen examined Plaintiff on the same day, also at the SSA's request.  Tr. 19.  He diagnosed Plaintiff with major depressive disorder, recurrent, moderate and unspecified trauma stress-related disorder.  *Id.*  He opined that Plaintiff had mild limitations in his ability to understand, remember, or apply complex directions and instructions; interact adequately with supervisors, co-workers and the public; and sustain concentration and perform a task at a consistent pace.  *Id.*  Plaintiff also had moderate limitations in his ability to regulate emotions, control behaviors, and maintain well-being.  *Id.*  Dr. Deneen opined that the results of the examination appeared to be consistent with psychiatric and cognitive problems, but that they were not significant enough to interfere with the claimant's ability to function on a daily basis.  *Id.*

The ALJ found the remaining opinions unpersuasive.  Specifically, the opinions of Dr. Ahmed and Dr. Periakaruppan were unpersuasive with regard to light exertion, as they were not

consistent with the record, and Dr. Periakaruppan did not examine Plaintiff. *Id.* The opinions of Dr. D'Ortona and Dr. Lieber-Diaz, which found no severe mental impairment were likewise not consistent with the record, including Dr. Deneen's opinion. *Id.*

Ultimately, the ALJ determined that although Plaintiff's medically determined impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical and other evidence in the record. Tr. 20.

At steps four and five, the ALJ concluded that Plaintiff could not perform past relevant work and that there were jobs that existed in the economy that Plaintiff could perform including, bench hand, table worker, and addresser. Tr. 22. Accordingly, the ALJ found that Plaintiff was not disabled. *Id.* at 23.

## II.     Analysis

Plaintiff argues that remand is required because the ALJ failed to explain why the RFC did not include a reaching limitation corresponding to Dr. Dantoni's "persuasive" opinion that Plaintiff would have "moderate to marked limitations in reaching." The Court agrees.[4]

For claims, like Plaintiff's, filed on or after March 27, 2017, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions or prior administrative medical findings." 20 C.F.R. § 416.920c(a). Instead, an ALJ will consider five factors when evaluating medical opinions: (1) supportability, (2) consistency; (3) the relationship with the claimant; (4) specialization; and (5) other factors. *Id.* § 416.920c(c). Of the five factors, supportability and consistency are the most important. *Id.* § 416.920c(a).

---

[4] Because the Court concludes that remand is warranted on this basis, the Court need not address Plaintiff's remaining argument. *Matthew M. v. Comm'r of Soc. Sec.*, No. 20-CV-1644, 2022 WL 3346949, at *5 (W.D.N.Y. Aug. 12, 2022).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medial opinions in the record. *Id.* § 416.920c(b). "Although the new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still articulate how [he] considered the medical opinions and how persuasive [he] find[s] all of the medical opinions." *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 8 (W.D.N.Y. 2021) (quoting *Andrew G. v. Comm'r of Soc. Sec.*, No. 19-CV-942, 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020)).

In explaining his RFC finding, an ALJ "is not required to 'reconcile explicitly every conflicting shred of medical testimony,' and is not precluded from crediting only portions of a medical opinion." *Renee S. v. Comm'r of Soc. Sec.*, No. 20-CV-1546, 2022 WL 2841916, at *4 (W.D.N.Y. July 21, 2022). And while the RFC determination need not correspond perfectly with any single medical opinion, an ALJ still "must explain why a medical opinion was not adopted if the RFC assessment conflicts with it." *Id.*; *see also Keith M. B. v. Comm'r of Soc. Sec.*, No. 20-CV-1257, 2022 WL 2948980, at *5 (July 26, 2022 W.D.N.Y.) (remanding where ALJ failed to explain how the RFC accounted for limitations described in "persuasive" opinion or why he rejected that portion of the opinion).

Moreover, an ALJ must provide "a distinct analysis" that permits adequate review on appeal, and each of the ALJ's conclusions "must be supported by relevant medical evidence." *Tanya Y. v. Comm'r of Soc. Sec.*, No. 20-CV-712, 2022 WL 1115458, at *2 (W.D.N.Y. Apr. 14, 2022) (citing *Aung Winn v. Colvin*, 541 F. App'x 67, 70 (2d Cir. 2013) (summary order); *Talavera v. Astrue*, 697 F.3d at 151). When an ALJ has not connected the record evidence and the RFC findings or otherwise explained "how the record evidence supported his RFC findings," the decision "leaves the court 'with many unanswered questions and does not afford an adequate basis

for meaningful judicial review.'" *Id.* at *2 (quoting *Gorny v. Comm'r of Soc. Sec.*, No. 18-CV-06, 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018)).

In her consultative examination, Dr. Dantoni noted that Plaintiff's back pain caused a decreased range of motion in his shoulders, with forward elevation limited to 100 degrees on both sides. Tr. 18; 513. In her medical source statement, she opined that Plaintiff therefore had "moderate to marked limitations for . . . reaching." *Id.* 514. Despite finding Dr. Dantoni's opinion "persuasive," the ALJ did not include a corresponding reaching limitation in the RFC. *Id.* 16. The ALJ did, however, include other limitations that appear to be in line with Dr. Dantoni's opinion, such as limitations in climbing and kneeling. *See id.* Because the ALJ did not explain why he did not include a reaching limitation in the RFC, the Court "cannot determine whether or how he intended for the RFC to address" Plaintiff's reaching limitation and remand is required. *Keith M.B.*, 2022 WL 2948980, at *5.

The ALJ's error was harmful because it undermines the testimony of the vocational expert on which he relied in concluding that Plaintiff was not disabled. *See Julianne E. v. Comm'r of Soc. Sec.*, No. 21-CV-538, 2023 WL 3316580, at *3 (W.D.N.Y. May 9, 2023); *see also Slattery v. Colvin*, 111 F. Supp. 3d 360, 375 (W.D.N.Y. 2015) ("A hypothetical question that does not present the full extent of a claimant's impairments cannot provide a sound basis for vocational expert testimony."). Each of the jobs that the vocational expert identified, as described in the Dictionary of Occupational Titles, all involve frequent to constant reaching. *See* Tr. 22 (identifying representative occupations); *see also* Addresser, *Dictionary of Occupational Titles*, DICOT 209.587-010, 1991 WL 671797 (1991); Bench Hand, *Dictionary of Occupational Titles*, DICOT 715.684-026, 1991 WL 679344 (1991); Table Worker, *Dictionary of Occupational Titles*, DICOT 739.687-182, 1991 WL 680217 (1991). "[C]ourts have found that a physician's assessment that a

7

plaintiff has marked limitations is not necessarily consistent with an RFC limiting the plaintiff to occasionally performing those same activities." *Bucynski v. Comm'r of Soc. Sec.*, 2019 WL 5540880, at *4 (W.D.N.Y. Oct. 28, 2019); *see also Oney*, 2017 WL 1054914, at *2-3 (remand required where ALJ interpreted physician's marked restrictions in rotation of the head, bending, lifting, and carrying as consistent with the ALJ's RFC limiting plaintiff to occasional performance of postural activities and flexion, extension, and rotation of the neck). Accordingly, the ALJ's failure to either include the marked reaching limitation that Dr. Datoni identified or explain why he declined to do so undermines the vocational expert's testimony that Plaintiff could perform jobs that involve frequent to constant reaching. Remand is therefore required. *See Julianne E.*, 2023 WL 3316580, at *3 (remanding where ALJ's failure to explain rejection of limitation identified in opinion accorded great weight undermined vocational expert testimony).

The Commissioner disagrees, arguing that, by "limiting Plaintiff to a range of sedentary exertional work, the ALJ adequately considered and incorporated Dr. Dantoni's opinion into the RFC." ECF No. 10-1 at 13. In support of this assertion, the Commissioner cites a string of cases holding that mild to moderate limitations may be consistent with light work. *See* ECF No. 10-1 at 12; *see e.g.*, *White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (light work RFC based on opinion that claimant had moderate limitations in, for example, standing and sitting); *Lewis v. Colvin*, 548 F. App'x 675, 677 (2d Cir. 2013) (assessment of mild limitations for prolonged sitting, standing, and walking supported determination that claimant could perform light work); *Josielewski v. Berryhill*, No. 15-CV-728, 2018 WL 903471, at *5 (W.D.N.Y. Feb. 15, 2018) (moderate to marked limitation for prolonged sitting is consistent with a finding that a claimant can perform sedentary work); *Figgins v. Berryhill*, No. 15-CV-6748, 2017 WL 1184341, at *8 (W.D.N.Y. March 29, 2017) (RFC for light work adequately addressed mild to moderate

limitations in pushing and pulling). However, if the ALJ concluded that he had adequately addressed Plaintiff's marked limitation in reaching by limiting Plaintiff to sedentary work, he was required to so explain. *See e.g.*, *Figgins*, 2017 WL 1184341, at *8 (affirming RFC for light work where the ALJ found that limiting plaintiff to light work adequately addressed consultative examiner's opinion that plaintiff would have difficulty with pushing and pulling).

To the extent that the Commissioner instead urges this Court to "infer from the ALJ's decision that he considered [Plaintiff's] additional limitation[] and properly rejected [it] because [it was] not supported (and indeed contradicted) by other evidence in the record," the Court disagrees that the decision permits such an inference. *Raymer*, 2015 WL 5032669, at *6. The Commissioner cites treatment records from Plaintiff's primary care physician, Dr. Ahmed, which note that "per [Department of Social Services] forms . . . Plaintiff had no restrictions with reaching, grabbing, or fingering." ECF No. 10-1 at 16 (citing Tr. 871, 873). However, nowhere does the ALJ point to Dr. Ahmed's findings as support for his decision not to include a reaching limitation in the RFC. *See* Tr. 19.[5] The same is true for Plaintiff's statements regarding his daily activities. ECF No. 10-1 at 15, 16 (citing Tr. 35). The ALJ did not explain how any of this evidence undermined Dr. Dantoni's opinion, which he found "persuasive" and "consistent with the medical evidence of record." Tr. 21. This argument therefore amounts to a mere *post hoc* rationalization, which is "not an appropriate substitute for an ALJ's duty to support [his] conclusions by reference to substantial evidence." *Thomas v. Colvin*, 302 F. Supp. 3d 506, 511 (W.D.N.Y. 2018); *see also Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 169 (1962) ("The courts may not accept appellate counsel's *post hoc* rationalizations for agency action.").

---

[5] This is not surprising, as the ALJ found Dr. Ahmed's opinion "unpersuasive with regard to light exertion, as it is not consistent with the record, including" Dr. Dantoni's opinion. Tr. 21.

Because the ALJ found Dr. Dotani's opinion persuasive, but failed explain why he did not incorporate the reaching limitation identified in that opinion into the RFC, the Court "cannot determine whether or how he intended for the RFC to address [it]," and remand is required. *Keith M.B.*, 2022 WL 2948980, at *5.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 10, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 13, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York